UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-7395

RONTHANY LEO WARD,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-98-132-A, CA-01-745-AM)

Argued: September 24, 2002

Decided: December 13, 2002

Before LUTTIG and TRAXLER, Circuit Judges, and
Norman K. MOON, United States District Judge
for the Western District of Virginia,
sitting by designation.

Dismissed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Christopher Dean Latsios, Fairfax, Virginia, for Appellant. Roger Anthony Fairfax, Jr., Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellant, Ronthany Leo Ward, was indicted and convicted for his involvement in an illegal conspiracy to sell and possess cocaine and crack cocaine. The trial court sentenced him to two hundred forty-eight (248) months' imprisonment followed by a period of supervised release. Thereafter, on direct appeal to this Court, appellant challenged his conviction and sentence on several grounds,* but *not* on the grounds that the trial judge decided the drug quantities by a preponderance of the evidence rather than leaving that issue for the jury to decide beyond a reasonable doubt. By an unpublished, *per curiam* opinion, this Court affirmed appellant's conviction and sentence. *See United States v. Pena*, 213 F.3d 634, 2000 WL 541087 (4th Cir. 2000). Ward then appealed to the Supreme Court. The Supreme Court denied appellant's petition for certiorari on June 26, 2000, the same day that the Court rendered its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Then, appellant sought to apply retroactively the holding in *Apprendi* and invalidate his conviction and sentence via a motion in the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Treating the motion as a petition for collat-

---

*On direct appeal, appellant challenged the following: (1) "the district court's refusal to give a requested jury instruction on the credibility of cooperating government witnesses;" (2) "the district court's decision to admit into evidence a photographic chart depicting twenty-two purported participants in the conspiracy;" (3) the district court's denial of a motion for a "mistrial because the prosecutor indirectly commented on [appellant's] failure to testify;" (4) "the district court's decision to allow Lamont Crumity to testify about Ward's participation in the distribution of crack cocaine prior to the charged date of the conspiracy;" and (5) the district court's decision "to allow a law enforcement officer to testify about various incriminating items seized from Ward's apartment during the execution of a search warrant in July 1997." *See United States v. Pena*, 213 F.3d 634, 2000 WL 541087, **2-5 (4th Cir. 2000).

eral relief, the district court denied appellant's motion as being procedurally barred. Ward now appeals that decision.

Without reaching the issue of whether *Apprendi* applies retroactively to a case simultaneously decided by the Supreme Court, we conclude that appellant is procedurally barred from bringing this claim because he neither raised the claim on direct review, nor did he show cause for his failure to do so.

This Court's decision in *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), is controlling. Although a defendant may raise a claim in habeas where he has procedurally defaulted by failing to raise that claim on direct review, he must first demonstrate cause and actual prejudice or that he is actually innocent of the crime charged. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Sanders*, 247 F.3d at 144. In this case, appellant has done neither. First, Ward did not argue at either his original sentencing or on direct appeal that a jury, not the trial judge, must determine beyond a reasonable doubt the quantities of drugs for which he was responsible. Second, although appellant does not argue this issue on appeal, we agree with the district court's finding that Ward had not shown cause why he did not make this claim on direct review.

Therefore, Ward is procedurally barred from making this claim. We deny the certificate of appealability and dismiss the appeal.

*DISMISSED*